AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

In the Matter of the Search of )
)
The residence located at 10522 Wagon Box Circle, ) Case No. 20-sw-557-MEH
Highlands Ranch, CO 80130 more fully described in )
ATTACHMENT A attached hereto, to include all out- )
buildings and vehicles located thereon and to include )
SARAH ALBERG at the time of the search warrant )
execution )

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the  State and  District of  Colorado  *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before   May 18, 2020   *(not to exceed 14 days)*

☒ in the daytime  6:00 a.m. to 10 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Michael E. Hegarty  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30).*     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 05/04/2020, 11:47 am        *Michael E. Hegarty*
                                                                                    *Judge's signature*

City and state:   Denver, CO           Hon. Michael E. Hegarty, U.S. Magistrate Judge
                                                                  *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

## **DESCRIPTION OF LOCATION TO BE SEARCHED**

The SUBJECT PREMISES is located at 10522 Wagon Box Circle, Highlands Ranch, CO 80130. This a two-story residence located in a residential neighborhood. The exterior siding is a light green color with an attached two car garage. The numbers 10522 are situated above the garage. The location consists of the subject residence, surrounding property, and all outbuildings located thereon. The place to be searched includes SARAH ALBERG at the time of the search warrant execution.



## ATTACHMENT B

## **DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED**

I. The following items, located at the Subject Premises that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of federal laws relating to the distribution of drugs, controlled substances and fraud including violations of 21 U.S.C. §§ 331(a), 331(d), 331(c) and 332; 21 U.S.C. § 841(a) and (c); and 18 U.S.C. §§ 1341and 1343 (hereinafter "SUBJECT OFFENSES") occurring after January 1, 2018, including the following:

a. Records and information relating to efforts by SARAH ALBERG to commit the SUBJECT OFFENSES;

b. Records and information relating to the purchase, sale, shipment, handling, importation, or distribution of Human Chorionic Gonadotrophin ("HCG"), Adderall, phentermine, and any other controlled substance, unapproved new drug products, misbranded drug products, and drug products unlawfully imported into the United States, including but not limited to prescriptions, bills, invoices, bills of lading, shipping documents, purchase orders, letters, notes, and order forms;

c. TRIM CONTOUR products, HCG products in any form, Adderall, other controlled substances in any form, unapproved new drug products or drug products, any drugs unlawfully imported into the United States, and any packaging thereof;

d. Records and information, including literature, advertising, and labeling, related to the administration of HCG, Adderall, phentermine, any other controlled substance, unapproved new drug products, misbranded drug products, or drug products unlawfully imported into the United States, including related correspondence and communications;

e. Records and information concerning the acquisition, retention, or distribution of HCG, Adderall, phentermine, any other controlled substance, unapproved new drug products, misbranded drug products, or drug products unlawfully imported into the United States, including related correspondence and communications;

f. Records and Information reflecting payment, receiving payment, or other transfer of funds in connection with the SUBJECT OFFENSES, including the acquisition, purchase, procurement, disbursement, or distribution of HCG, Adderall, phentermine, any other controlled substance, unapproved new drug products, misbranded drug products, or drug products unlawfully imported into the United States, such as checks, money orders, financial records, bank statements, currency, or other financial documents;

1

       g.     TRIM CONTOUR customer files and customer billing records related to the SUBJECT OFFENSES, including purchase, selling, and consultation of services related to the administration of HCG, Adderall, phentermine, any other controlled substance, unapproved new drug products, misbranded drug products, or drug products unlawfully imported into the United States, including related correspondence and communications;

       h.     Records and information relating to the state of mind of SARAH ALBERG as it relates to the SUBJECT OFFENSES, including related correspondence and communications;

       i.     Records and information relating to any false statements, pretenses or representations, or material omissions made by SARAH ALBERG to others including customers, clients, suppliers, federal, state, or local governmental agencies, accountants, or financial institutions, including related correspondence and communications;

       j.     Records and information relating to the state and federal tax filings of SARAH ALBERG and TRIM CONTOUR or their agents and affiliated entities, including working papers, and other records and documents used to prepare those tax records, including related correspondence and communications;

       k.     Records and information relating to the governance, ownership and operation of a business using the name TRIM CONTOUR or its agents, and affiliated entities including related correspondence and communications;

       l.     Records and information related to the email accounts info@trimcontour.com and SAlberg@trimcontour.com;

       m.     Records and information relating to the creation, maintenance and operation of the website www.trimcontour.com;

       n.     Records and information identifying the users of any devices associated with telephone numbers (949) 302-4042 and (949) 208-7000;

       o.     Packages, envelopes, boxes and containers with labels associated with TRIM CONTOUR;

       p.     Records and information that tend to establish ownership or use of digital devices and ownership or use of any Internet service accounts accessed to commit the SUBJECT OFFENSES, to include credit card bills, telephone bills, correspondence and other identification documents;

  q. Records and items that show dominion and control of the property searched, to include utility bills, telephone bills, correspondence, rental agreements and other identification documents.

  r. Records and information that show dominion and control of a storage locker at Public Storage, 4111 Siskin Avenue, unit 1069, Highlands Ranch, CO 80126;

  2. Computers, which include all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices capable of performing logical, arithmetic, or storage functions, any physical object upon which computer data can be recorded, including desktop and laptop computers, computer hardware, computer software, volatile data, cellular telephones, tablets, server computers, gaming devices, network hardware, hard disk drives, RAM, floppy disks, flash memory, CDs, DVDs, and other magnetic or optical storage media, as well as, computer related documentation, computer passwords and data security devices, digital communications devices, cameras, videotapes, video recording devices, video recording players, and video display monitors, digital input and output devices such as keyboards, mouse(s), scanners, printers, monitors, electronic media and network equipment, modems, routers, connection and power cords, and external or connected devices used for accessing computer storage media that was used to commit or facilitate commissions of the Subject Offense(s) (collectively hereinafter, "COMPUTER").

  3. For any COMPUTER or storage medium whose seizure is otherwise authorized by this warrant, and any COMPUTER or storage medium that contains or in which is stored records or information that is otherwise called for by the warrant:

  a. evidence of who used, owned, or controlled the COMPUTER at the time the items described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, user profiles, e-mail, e-mail contacts, "chat" or instant messaging logs, photographs, and correspondence;

  b. evidence of software that may allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

  c. evidence of the lack of such malicious software;

  d. evidence indicating how and when the COMPUTER was accessed or used to determine the chronological context of COMPUTER access, use, and events relating to the Subject Offense(s) and to the computer user;

  e. evidence indicating the computer user's state of mind as it relates to the Subject Offense(s);

      f.      evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

      g.      evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

      h.      evidence of the times the COMPUTER was used;

      i.      passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

      j.      documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

      k.      records of or information about Internet Protocol addresses used by the COMPUTER;

      l.      records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

      m.      contextual information necessary to understand the evidence described in this attachment;

      n.      information about usernames or any online accounts or email addresses, including info@trimcontour.com and SAlberg@trimcontour.com;

      o.      volatile data necessary to preserve evidence prior to powering-off and unplugging a running computer;

      p.      Information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to the Subject Offense(s);

      q.      items otherwise described above in paragraphs of this Attachment B.

      4.      Executing law enforcement personnel are authorized to depress the fingerprints and/or thumbprints of SARAH ALBERG onto the Touch ID or fingerprint sensor of any Apple iPhone, iPad, or other Apple brand device, or other device that has a fingerprint sensor, in order to gain access to the contents of any such device.  Law enforcement personnel may also hold the devices found at the SUBJECT PREMISES in front of the face of SARAH ALBERG to activate the facial recognition feature; and/or (3) hold the device(s) found at the Subject Premises in front of the face of SARAH ALBERG to activate the iris recognition feature, for the purpose of unlocking the device(s) in order to search the contents as authorized by this warrant.

DEFINITIONS:

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).